UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

CHRISTOPHER D. WILLIAMS,

          Plaintiff,                     Case No. 1:15-cv-950

v.                                           Honorable Robert J. Jonker

SPARROW HOSPITAL et al.,

          Defendants.

_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Christopher D. Williams presently is incarcerated with the Michigan Department of Corrections and housed at the Newberry Correctional Facility. Plaintiff sues Sparrow Hospital, MHA Insurance Co., and the following individuals who were involved in Plaintiff's treatment at Sparrow Hospital:  Circulator (unknown) Adam; Nurse J. Tracy; Doctors Chet Morrison, (unknown) Cortez, and Unknown Party; Assistant Surgeon Michael Eisenberg; Anesthesiologist Melanie Robinson-Woodard; and Scrub Nurse Mary L. Acre.

According to the complaint and attachments, Plaintiff arrived in an ambulance at Sparrow Hospital on September 27, 2011 at 2:47 a.m.  He had been shot twice, in the abdomen and the pelvis.  Doctors Morrison and Eisenberg performed the surgery, and Defendants Adam, Tracy, Robinson-Woodard, and Acre assisted.  No initial sponge count was performed, in light of the emergency condition, but Defendant Cortez performed and x-ray before the wound was close, in order to look for foreign bodies.  No foreign bodies were found.  Plaintiff began to recover well, but he then became ill, suffering two days of fever and tachychardia.  Eventually, another radiologist conducted a CT-scan and identified an apparent retained surgical sponge.  Plaintiff underwent a second surgery to remove the sponge and to wash out the abdomen, and Plaintiff was treated for sepsis.  Plaintiff was discharged on October 10, 2011.  Plaintiff subsequently returned to the hospital on several occasions, because he developed multiple embolisms and deep venous thrombosis.  Over the next month, Plaintiff suffered chronic post-operative chest pain, which returned him to the hospital more than once prior to January 2012.

Plaintiff contends that Defendants were negligent in their care and that his rights therefore were violated under the Eighth Amendment.  He also contends that Defendants' care

amounted to medical malpractice and that he was denied equal and fair treatment as a patient.  He

seeks compensatory and punitive damages.

## Discussion

I.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While

a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more

than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice.").  The court must determine whether the complaint contains "enough facts to state

a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although

the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than

a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill*

*v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1)

and 1915(e)(2)(B)(i)).

Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Plaintiff has not presented any allegations by which the conduct of the hospital, medical personnel and insurance company could be fairly attributed to the State. The fact that Defendant Sparrow Hospital may receive public funding and that both the hospital and the doctor are licensed by the state does not render them "state actors" for purposes of § 1983. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982) (nonprofit, privately operated school's receipt of public funds did not make its employee discharge decisions acts of state subject to suit under federal statute governing civil action for deprivation of rights); *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (allegation that hospital and social worker were subject to state licensing was insufficient to support finding that defendants were acting under color of state law); *Adams v. Vandemark*, 855 F.2d 312, 315-16 (6th Cir. 1988) (fact that nonprofit corporation was funded almost entirely by public

sources, and was subject to state regulation, without more, is insufficient to make private entity's

decision to discharge employees attributable to state for purpose of § 1983 action).  Further, even

if Defendants treated Petitioner at the state's request and expense, they did not thereby become state

actors. *See Rendell-Baker*, 457 U.S. at 841 ("private contractors do not become the acts of the

government by reason of their significant or even total engagement in performing public contracts");

*Bell v. Mgmt. and Training Corp.*, 112 F. App'x 219, 223 (6th Cir. 2005) (private company operating

state corrections facilities is not a state actor).

Because Plaintiff fails to allege that Defendants are state actors, he fails to state a

federal constitutional claim against them, and his federal claim therefore will be dismissed.[1]

Claims under § 1983 can only be brought for "deprivation of rights secured by the

constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982).

Moreover, section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60

F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).  Plaintiff's

assertion that Defendants violated state tort law therefore fails to state a claim under § 1983.  Further,

to the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over a state-law

claim, the Court declines to exercise jurisdiction.  In determining whether to retain supplemental

jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance

---

[1]While the Court does not affirmatively decide the issue, it also appears that Plaintiff's allegations fail to state a federal claim for multiple other reasons.  Firstly, Plaintiff alleges facts suggesting only that Defendants were negligent, not deliberately indifferent, as required for claims under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994); *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976).  Secondly, the Court notes that Plaintiff's claims, all of which arose in 2011, appear to be time-barred. *See* MICH. COMP. LAWS § 600.5805(10) (providing a three-year statute of limitations for general tort actions); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam) (holding that three-year statute of limitations for tort actions under Michigan law governs federal civil rights actions); *but see Driver v. Naini*, 802 N.W.2d 311, (Mich. 2011) (holding that MICH. COMP. LAWS § 600.5805(3) provides a two-year statute of limitations for medical-malpractice actions).

of multiplicity of litigation and balance those interests against needlessly deciding state law issues."

*Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).  Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims.  *Id*.  Dismissal, however, remains "purely discretionary."  *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).  Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction.  Accordingly, Plaintiff's state-law claim will be dismissed without prejudice.

### **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will dismiss Plaintiff's state-law claims without prejudice.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:      October 28, 2015                    /s/ Robert J. Jonker
                                                ROBERT J. JONKER
                                                CHIEF UNITED STATES DISTRICT JUDGE